May it please the Court. The issues on appeal here are whether the harm the petitioners suffered as senior Falun Gong members rise to the level of persecution, and whether the petitioners have a well-founded fear for future persecution when there is a pattern or practice of persecution of Falun Gong practitioners in China, and the petitioners have established their own inclusion in the group of Falun Gong practitioners. Our position is that the snaps, the punches, and the locking down by the police and the injuries on the head as a result of being knocked down by the police do rise to the level of persecution, especially considering the age of the petitioners who are in their late 60s. Well, actually, they were in their very early 60s at the time. At the time, yes, Your Honor. Currently, the male petitioner is 60 years old. So what's the relevance of that? I'm sorry, Your Honor. What is the relevance of their age? I mean, I can imagine a circumstance in which the infirmity of – I mean, not just bare age, but infirmity, and being more than 61, it doesn't seem all that old to me. So why – what is the relevance of it? Well, Your Honor, the physical condition of the asylee, of the petitioner, is also a factor. Okay, if there were any evidence as to the physical condition, but there isn't any. There were – I'm sorry, Your Honor. If there were any evidence as to their – as I say, if they were frail or ill or something, but we don't have any reason to think that. Right, but I think the age itself, when treated with physical harm, does have an impact on whether that should be considered persecution. Kicking a dying man would definitely be – No, but 61-year-old people walking around the streets are dying people. That's all I'm trying to say, necessarily. Yes, Your Honor. Even if the harm does not rise to the level of persecution, the petitioners, as members of Falun Gong, still have a well-founded fear of persecution, because there's a pattern or practice of persecution of Falun Gong practitioners in China. And the petitioners have indicated their inclusion in this Falun Gong group. Well, you didn't raise that in the BIA, did you, the pattern and practice? Yes, Your Honor. The petitioner did raise the – even though the petitioners did not raise specifically pattern or practice, however, the petitioners argue, and I quote from the page 12 of the administrative record, objectively, the country condition report in the record shows that China continues to persecute Falun Gong. And also on page 11 – Well, from that contention, are you arguing that all Falun Gong practitioners are entitled to asylum? No, Your Honor. Well, you are, if you're raising a pattern of practice claim. Then you are saying that. But – So the answer is yes. Yes. I mean, that has to be the answer. Yes, Your Honor. Yes. The petitioners also cited Cardozo-Fonseca to say that so long as an objective situation is established by the evidence, it need not be shown that the situation will probably result in persecution. And this language, of course, implies a pattern of practice argument. I mean, your argument before the BIA was under the circumstances, a reasonable Falun Gong practitioner will bear persecution upon return. You're saying everybody. In light of the circumstances, especially the Respondents, they have been singled out for practicing Falun Gong. And according to regulation – But am I wrong in my understanding? Yes, Your Honor. A pattern of practice claim is a claim about everybody. That's what's extraordinary about it. And that's why the evidence has to be strong. CFR Section 208.16 requires that the – there are only two requirements, basically, for future – for determining future – reasonable fear of future persecution. And they are that the applicant – first, the applicant established that in the country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, et cetera. And secondly, the applicant established his or her own inclusion in an identification with such a group. And that's it. That's it. They don't have to prove – Exactly. I assume that in asylum, unlike in withholding, what has to be proven to prove pattern or practice is not that everybody is – or even is persecuted, but that essentially 10 percent of the people are. Because if 10 percent of the people are, then you have a 10 percent chance of being in that group. So something like that. Correct, Your Honor. Yes. But that's all. You don't have to prove any singling out. That is correct. Now, has anybody ever held – I mean, anybody meaning either the BIA or this Court that there's a pattern or practice with regard to Falun Gong? I don't believe the BIA has made that determination. Has this Court ever made that determination? Not that to my knowledge, Your Honor. That's why I'm requesting this Court to remand this matter to the BIA to determine whether there's a pattern of practice of persecution of Falun Gong here and whether the Petitioner has established his inclusion in Falun Gong. And unlike – well, I gather as to their inclusion in Falun Gong because there's no adverse credibility finding that he has. That is correct. That is correct, yes. And so that's sort of set in this case at this point. Right. We just need to determine. Do we have to reach the question of Falun Gong practice? I mean, people have been found to have a well-founded fear of persecution because they were members of the Falun Gong and they had had individual contacts with the authorities, which was sufficient to show the authorities were interested in them. Your Honor, what is the question? I'm sorry. The question is, do you have to reach the question of pattern and practice? Isn't it enough to show that there are Falun Gong in whom the – these individuals are Falun Gong in whom the authorities have taken an interest? Isn't that enough to show a well-founded fear? That is our first argument, yes, Your Honor. We are saying that the Petitioners have been subject to persecution and have been singled out, and therefore, they are already involved. But this is a slightly different position. I mean, even if we thought the persecution issue was marginal. I'm not talking about past persecution. I'm saying that they have a well-founded fear simply because they're well – they're Falun Gong who have been singled out by the authorities. Don't we have cases that say that? We certainly do, Your Honor. Well, here you have an allegation of past persecution, leading evidence of past persecution, which you indicate compels a finding of a well-founded fear of future persecution. Is that right? That is correct. One or the other would be sufficient, Your Honor. But you don't have to have a finding of past persecution in order to have a well-founded fear of future persecution. No, Your Honor. They're not exclusive. Your past persecution is one way to get to well-founded fear. That is correct. But you also can get to well-founded fear without winning your past persecution. That is correct, Your Honor. So long as it is subjective. The DIA denied relief. They said that your clients had ability to get a passport and to travel to Beijing for a visa interview despite the restrictions. And they point to the safety of others who practice Falun Gong with your clients who remain in China. What about those findings by the DIA? Yes. However, the petitioners have to spend a huge amount of money in order to get the passport through somebody that has some kind of connection with the authorities. And the petitioners were still required by the police to report once per week. Your Honor, let's stick with the passport. Did they explain how they got the passport? The petitioners?  No. Did they testify who got the passport? It's through somebody else. Somebody else who got the passport. And that, there was no finding that that was not a credible explanation. No, Your Honor. They went to the United States Embassy in Beijing to get the visa? Yes, Your Honor. One question I have is there are several documents in the record which the IJ said it wouldn't rely on because of translation difficulties. What does that mean? You're not challenging that, as I understand. We're not challenging what's not on the record, Your Honor. Okay. Okay, that's it. That's fine. Do I have to reserve time? Yeah, reserve time. That's all. Thank you. May it please the Court. I'm Catherine Clark on behalf of the government. The record evidence does not compel the conclusion that Zhao established past persecution. As the Court noted, age is not necessarily an indicator of infirmity. And the Court's phrasing was. But he was, in fact, hurt. He was detained twice. And although this is not mentioned in either brief, I think, the guy who beat him said, you Falun Gong practitioners, you know, if we can, you know, just make you disappear and you can lose your life without having a chance to file a claim, which seems to me to be a threat, a death threat, essentially. Under our case law, why isn't that all quite sufficient? He was hurt. He did see a doctor. He said he saw a doctor. Quite aside from the doctor's form not being admitted. So why isn't this clearly on the persecution side of the line, given our case law? The spectrum of cases here runs from Gu and Prasad on the one hand. That's Kamla Prasad on the one hand. To Guo and Mihailov on the other hand. In Gu and Prasad, a finding of past persecution was not compelled. And in Guo and Mihailov, a finding of persecution was compelled. And the circumstances in this case more closely resemble the circumstances in Gu and Prasad. But they don't have the – they are more extreme than either of them, right? Why about this death threat, which nobody seems to be making anything out of? The threats were – the key, as the Court has found in Gu, is whether Petitioner has shown repeated, lengthy, and severe harassment. There is no allegation here of multiple death threats. There is only a – So one death threat isn't good enough? And there's no indication also that any of those threats were ever followed up on. Any of the checking – He wasn't there very long after that. Petitioner did check in for his required check-ins after the – And he purported to be giving up Falun Gong. He said he was. So they found that it wasn't true. And – He signed something, right, that said he was giving it up? He did sign. However, the – or his testimony, which was not found incredible, indicated that he did sign. However, the check-ins did not – Petitioner did not portray the check-ins as particularly invasive, as particularly threatening. Yeah, but you said they didn't follow it up. Well, presumably they didn't follow up because he said he wasn't going to do it anymore. Once they found out he did do it somewhere, we don't know what they would have done. But they said what they would have done. There's no indication that they would follow up based on the similar situation of the individuals with whom Petitioner – We have no knowledge that those guys continued to practice Falun Gong, do we? We have no knowledge that they do not. Right, exactly. And it is Petitioner's burden to show that these similarly situated individuals – But they weren't similarly situated. We don't know that they were similarly situated. They were when they were detained. Right. But we don't know that they were similarly situated for the present purpose of telling whether or not the fact that they were let alone means anything. There's – it's simply Petitioner's burden to show that they – that their – Petitioner – because Petitioner introduced their statements, it is his burden to show that – He didn't introduce them at all. He just said there were several people with him. He introduced statements from the two individuals who – What kind of statements did he introduce from them? They were statements saying that they're from – the last names of the individuals were Ren and Ting. With the Court's leave, I can find them in the record. Well, we can find that later. Go ahead. I'll ask your opponent one. And with respect to the standard of review as well, the Court must find that the record would compel a conclusion that the similarly situated people with whom Petitioner was arrested were – the Court must find that the record compels the conclusion that this would establish a well-founded fear. And the record does not compel such a conclusion. Petitioners conceded that they were – not only that they were able to obtain passports, but that those individuals were able to remain safely. And the Court has found in Khorasani that such circumstances are relevant to – But see, this is an unusual circumstance. We know that Falun Gong is – unlike disputes about Christianity and everything, is banned – it's a banned practice in China. And we know that China officially disciplines people who are involved in Falun Gong, right? I mean, this isn't like myth of any kind. We know it to be true. And we have country conditions reports that completely support that and say that thousands were in re-education camps, that many are detained, and so on. So it's not like this is any kind of a myth or doubtful. The fact that some people may have not been when you have a standard such as applies in asylum doesn't seem terribly informative in terms of what would have happened to him. Petitioner has not shown that he was – that he was singled out beyond this detention and limited follow-up. He was able to travel to Beijing, which was eight hours away from his hometown. But she explained, because you said as long as she showed up on Monday, they didn't really know what was happening. Correct. And the immigration judge and the board were not compelled to conclude that that explanation showed a well-founded fear. The question is whether – is not whether that explanation could show a well-founded fear, but whether that explanation compels a finding of a well-founded fear. You know, the two cases that seem to me most clearly relevant to this issue are Zhu and Zhang, our cases from 2006 and 2004. I don't see any discussion of those cases, but they are the Falun Gong cases that seem to be most similar to this. Are you familiar with those? I could provide the Court with additional briefing with respect to those. No, I just asked whether you were familiar with them. I am not sufficiently familiar to comment on those particular cases at this time. However – If we want further briefing, we can tell you. Pardon? I said if we want further briefing, we can notify you. But, you know, I don't understand why you're not familiar with them. I mean, these are the Falun Gong cases in this Court in the last two years. And that's what you're – your office basically deals in the statute in these cases, and it's really not helpful. The government's argument is based on the spectrum in Gu and Prasad and Guo and Mihailov. Yes, but the problem is that what's different here is that we have official sanctioned discrimination and discipline of this group in China. This is not – this isn't debatable. It's not made up. It's not – and it's unique, almost unique in the modern world at this point. It's not a question of things having changed. It's not a question of – as in most instances where they officially recognize the religion, but then in fact discriminate against it unofficially. This is official sanctioned discrimination against this group. Right? So you'd think you'd at least look for the other cases about that group. If the Court is referring to any pattern or practice claim, the – No, these weren't pattern or practice claims. These are claims very much like this petition. And the government would argue that in regards – Well, how can you argue if you don't know what they say? To the extent that there is – that there is discrimination and harm and harassment of Falun Gong practitioners in China, Petitioner has not shown that he has a reasonable possibility of being singled out in the future for – And the fact that he's been singled out in the past, isn't some indication that he'll be singled out in the future? Because his persecution does not – his – pardon me. Because his harm does not rise to the level of persecution in the past. Well, let's assume that's true. But nonetheless, which I don't know that it is, but suppose it is true. The fact is that if you wanted to know who was likely to be singled out in the future out of the people who are in the Falun Gong, you'd sort of guess that it was the people who they know about. And we know whether they know about him. And the relevance there of the other individuals who were arrested with Petitioner comes into play. That is that they were – We don't know whether they – we know they were made to sign statements saying they weren't going to practice anymore. And we don't know whether they practiced anymore. So we don't have any idea whether they're similarly situated to somebody who is practicing. Isn't the indication here that if they do resume the practice of Falun Gong, they're subject to arrest and detention and beating and so forth? Isn't that derived from the facts in this case? It is not compelled. Whether or not that may be a reasonable conclusion from the facts of the case, it is not compelled under – Well, was it taken into account at all? I guess that's the ultimate question. Did the IJ or the BIA, in determining whether or not he was subject to future persecution, take into account in any respect at all the status of Falun Gong in China and the country reports that indicate that there is widespread persecution of people in that group? Was that taken into account? Was it discussed? The Board's decision addresses the individuals with whom the – Exactly. But it didn't take – there is country conditions evidence in this record, right? Correct. And it can be presumed – Did anybody take it into account at all? The Court presumes that the – as the Court presumes that the – as a general matter, that the agency has reviewed the contents of the record absent clear evidence to the Congress. I'm not asking whether they took it, whether they reviewed it. Maybe they read it, but their account of why they say that he had no fear of future persecution does not mention at all the status of Falun Gong in China. The court – the immigration judge found that other factors were determinative in this case, and – Did he mention that factor? I do not believe that he mentioned country reports in particular in his decision – or, I'm sorry, that she mentioned country reports in particular in her decision. However, it is clear that from that decision that other factors were determinative of the well-founded fear analysis. And the immigration judge does go through the evidence that was submitted, and based on the exhibit numbers, that would include the country reports. And it can be presumed, thus, that the agency did consider those reports as they were in – Even though there's every indication that they did not? There's no indication in the record that they did not. Well, the indication is that this is a rather important matter, which is not discussed at all in either opinion. The extent of broad-based persecution of Falun Gong practitioners was not raised. I'm sorry, but it was. Within the BIA, there's a paragraph which says, Objectively, the country condition report in the record shows that China continues to persecute Falun Gong. It quotes from it and then says, Under the circumstances, a reasonable Falun Gong practitioner will fear persecution upon return. I was referring to any pattern of practice claim. If that was not what the Court was referring to. Well, it wasn't necessarily, although it seems to me that raises a pattern of practice claim, too, but it wasn't necessarily. The government's position is that the failure to cite the regulation concerning pattern of practice claims would indicate a failure to exhaust that claim. However, the agency decision simply revealed that the agency found other factors determinative of the well-founded. Yeah, but those factors were only the ability to travel to Beijing, the passport, and the other practitioners. And all those were easily explained away, were they not? Those are the only points that the BIA seemingly used to affirm the denial of relief. Well, it may have been reasonable to accept those explanations. It was not compelled. An acceptance of those explanations was not compelled. Well, the explanations themselves are pretty thin reeds, aren't they? And, indeed, the explanations that the explanation that Petitioner did have to report back is a thin reed in the sense that he was nonetheless able to move about China, to a large extent, even traveling eight hours from his hometown. He was not only able to obtain a passport. He was able to visit the United States Embassy. But at that point, he had signed a document saying he wasn't practicing Falun Gong, right? So until they found out he was, then their behavior is perfectly consistent. But part of the standard for establishing a well-founded fear is just the fact that a person might – would come to – the government would become inclined to persecute their respondent. Exactly. And part of the BIA – If he wants to practice Falun Gong, and is going to, why do you think the government wouldn't enforce its threat? He was fine as long as they thought he wasn't practicing. But if he wants to practice, and exercises religious beliefs, then he's got a threat of what they're going to do to him. And there is – And this is an individual threat. This isn't just a pattern of practice that says all Falun Gong are in danger. He was specifically advised that he was not going to be allowed to, or else. He – and after that point, he was not – after that point, he – all he had to do was come and check in. And as long as he came and checked in – And said he wasn't practicing his religion. Yeah. And that explanation may have been able to justify a finding of no well-founded fear. However, it did not compel a finding. Okay. Thank you. I think we're over time. Thank you. Your Honors, to our knowledge, there are only two cases that the – We'll give you one minute, because you're over time. Yes. Thank you. The Gu case and the Persaud case in which the court finds that the physical harm suffered by the respondents there did not rise to the level of persecution. And this case is clearly distinguishable from those two cases. The Gu – You're talking about past persecution now, right? You're talking about past persecution? Yes, past persecution. As opposed to a well-founded fear of future persecution. That is correct. And we would also be willing to have the court remand to the BIA on the future of well-founded fear as well. Thank you, Judge. Thank you, Your Honor. Case just argued will be submitted. Next case for oral argument is Klein v. City of San Clemente.
judges: Reinhardt, Berzon, Miner